SEYFARTH SHAW LLP
Nicole A. Baarts (SBN 226733)
nbaarts@seyfarth.com
Alison C. Loomis (SBN 296618)
aloomis@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:(415) 397-2823
Facsimile:(415) 397-8549

Attorneys for Defendant
PACTIV PACKAGING INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY MATTINGLY, | Case No. |
| Plaintiff, | **DEFENDANT PACTIV PACKAGING INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| PACTIV PACKAGING INC., | |
| Defendant. | Complaint Filed: November 30, 2020 |
| | San Joaquin Superior Court Case No. STK-CV-UOE-2020-0009990 |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant PACTIV PACKAGING INC. (hereinafter, "Pactiv"), hereby removes the above-referenced action from the Superior Court of the State of California for the County of San Joaquin, to the United States District Court for the Eastern District of California. This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 18 U.S.C. §1332. Removal is proper for the following reasons:

1

## I.   PROCEDURAL BACKGROUND IN STATE COURT

1.     On November 30, 2020, Plaintiff PERRY MATTINGLY ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California, County of San Joaquin, entitled "PERRY MATTINGLY, Plaintiff, vs. PACTIV PACKAGING INC. and DOES 1-10, inclusive, Defendants," designated Case No. STK-CV-UOE-2020-0009990. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2.     On December 1, 2020, Plaintiff served the Summons, Civil Case Cover Sheet, Notice of Case Assignment and Notice of Hearing, ADR Information Packet, Case Management Statement form, Stipulation and Order to Participate in Alternative Dispute Resolution, and Complaint on Defendant's registered agent for service of process, by personal service. *See* concurrently filed Declaration of Nicole A. Baarts ("Baarts Decl.") at ¶ 4 and **Exhibit A** (service package).

3.     On December 28, 2020, Pactiv timely filed its Answer in the San Joaquin Superior Court. Baarts Decl. ¶ 5. A true and correct copy of Defendant's December 28, 2020 Answer is attached hereto as **Exhibit 2**.

4.     Exhibits 1 and 2 attached hereto and **Exhibit A** to the concurrently-filed Baarts Declaration constitute all prior pleadings, process, and orders filed with any court in this matter. Baarts Decl. ¶ 6.

## II.   TIMELINESS OF REMOVAL

5.     The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

DEFENDANT PACTIV PACKAGING INC.'S NOTICE OF FEDERAL COURT REMOVAL

67144715v.2

6.    The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law."). Defendant's 30-day time limit to remove is triggered by Plaintiff's service of the Summons and the Complaint on December 1, 2020. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

7.    This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint by personal service on Defendant's registered agent for service of process, on December 1, 2020. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.").

8.    Plaintiff's Complaint asserts three causes of action for: (1) Violation of California Gov. Code §12940(a) (Discrimination); (2) Violation of California Gov. Code §§ 12940(k), (m)(2) (Retaliation); and (3) Violation of California Gov. Code § 12940(k) (Failure to Prevent Discrimination and Retaliation).

## III.    DIVERSITY JURISDICTION

9.    This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

10.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc*., 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is prima facie evidence of domicile.

3

*State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

11.    The Complaint alleges that "[Plaintiff] Mattingly is and/or was at all times relevant herein an individual; a resident of San Joaquin California; employed in San Joaquin County in California; and an "employee" as defined by Gov. Code § 12926(c)." (Ex. A, Complaint ¶ 1). Plaintiff was employed by Defendant in California, maintained a residence in California throughout his employment, and has not at any time notified Defendant of any other address. *See* Declaration of Justin D. Bowlin ("Bowlin Decl."), ¶ 6. Plaintiff's domicile, and intent to remain domiciled in California is further evident from the fact that he brought this lawsuit in the San Joaquin Superior Court.

12.    Defendant Pactiv is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13.    The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the

4

place where a corporation's officers direct, control, and coordinate the corporation's activities").

14.     Defendant Pactiv is, and ever since this action was commenced has been, incorporated under the laws of the Delaware. Bowlin Decl. ¶ 4. Thus, for purposes of diversity jurisdiction, Defendant Pactiv is a citizen of Delaware.

15.     Further, Defendant Pactiv's principal place of businesses is, and has been at all times since this action commenced, located in the State of Illinois. Bowlin Decl. ¶ 5. Thus, under the "nerve center" test, Illinois is the state of Defendant Pactiv's principal place of business.

16.     Therefore, for purposes of diversity of citizenship, Defendant Pactiv is and has been at all times since this action commenced, a citizen of Delaware and Illinois. 28 U.S.C. § 1332(c)(1). Because Plaintiff is a citizen of California and Defendant Pactiv is a citizen of Delaware and Illinois, complete diversity exists.

## IV.    **AMOUNT IN CONTROVERSY**

17.     While Pactiv denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.,* 102 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition.)

18.     In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. § 1332(a), the Court must consider the aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n.,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford*

*Accident & Indemnity Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

19.     Plaintiff seeks damages, including but not limited to compensatory, special, general and punitive damages, and attorneys' fees. *See* Complaint, Prayer for Relief.

20.     Considered together, the damages sought by Plaintiff, along with the attorney's fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

A.     <u>**Plaintiff's Alleged Earnings Loss Establish the Amount in Controversy.**</u>

21.     To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts and claims. *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). California jury verdicts in similar cases regularly exceed $75,000. *Moran v. Forever 21, Logistics LLC,* 2015 WL 4238086, No. 1507130069 (Los Angeles Sup. Ct. May 21, 2015) (jury verdict of $71,000 for past lost earnings, $108,000 for future lost earnings, and $20,000 for past mental suffering, for a total award of $199,000 in a case involving claims of discrimination); *Turnia v. Pacific Convenience Retailers LLC, Ansari,* 2013 WL 9850779, No. 1410220063 (Contra Costa County Sup. Ct. Sep. 26, 2013) (jury awarded the plaintiff $93,600 in back pay, $35,000 in front pay, and $195,000 for other compensatory damages, and $243,746 for attorney fees in a case involving claims of discrimination).

22.     Defendant has attached the true and correct copies of these verdicts as **Exhibit B** to the Declaration of Nicole Baarts.

23.     Because jury verdicts in similar cases involving claims of lost wages in the context of the California Fair Employment and Housing Act regularly exceeded $75,000, the amount in controversy.

DEFENDANT PACTIV PACKAGING INC.'S NOTICE OF FEDERAL COURT REMOVAL

67144715v.2

**B.     Plaintiff's Alleged Exemplary Damages Establish the Amount in Controversy.**

24.     Because jury verdicts in similar cases regularly exceeded $75,000, the amount in controversy in this case is likely to exceed $75,000. *See Bio-Nutraceutical Inc. v. Sharma,* 2016 WL 3345728 (Ventura County Sup. Ct. March 25, 2016) (jury verdict of $725,001 including $250,000 for punitive damages in case involving discrimination claim); *Bardon v. Microvention Inc.,* No. 1510290031, 2015 WL 6523743 (Orange County Sup. Ct. April 7, 2015) (jury verdict of $200,000 in damages and $500,000 in punitive damages in a case involving claims of discrimination).

25.     Defendant has attached the true and correct copies of these verdicts as **Exhibit B** to the Declaration of Nicole Baarts.

**C.     Potential Attorneys' Fees Establish the Amount in Controversy.**

26.     Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000. Verdicts show that attorneys' fees in employment cases regularly exceed $75,000. *See Macias v. Wella Corp*., 2014 WL 7793967 (Los Angeles County Sup. Ct. Oct. 28, 2014) (verdict of $323,858, including $270,250 for attorneys' fees in a case involving claims of employment discrimination); *Norden v. Sequoia Ins. Co., QBE Ins. Group Ltd., et. al*, 1994 WL 766794 (Santa Clara County Sup. Ct. March 1, 1994) (verdict of $305,000 and $425,000 in attorneys' fees in a case involving claims of employment discrimination).

27.     True and correct copies of the verdicts in these matters are attached at **Exhibit C** to the Declaration of Nicole Baarts.

28.     Based upon the allegations contained in Plaintiff's Complaint, Pactiv is informed and believes that attorneys' fees in this case would exceed $75,000 in this matter. Baarts Decl. ¶ 9.

29.     Based upon the allegations contained in Plaintiff's Complaint, Pactiv is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between Plaintiff and Defendant and the

7

matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(1)(1). This action is therefore a proper one for removal to this Court.

## V.   VENUE

30.   Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1441, 1446(a) and 84(c)(2) as this action originally was brought in the Superior Court of the State of California, County of San Joaquin.

## VI.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

31.   Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and his counsel, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, San Joaquin County.

## VII.   PRAYER FOR REMOVAL

WHEREFORE, Pactiv prays that this civil action be removed from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California.


DATED: December 29, 2020                    Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Nicole A. Baarts*
Nicole A. Baarts
Alison C. Loomis

Attorneys for Defendant
PACTIV PACKAGING INC.

67144715v.2