# EXHIBIT 1

MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207
Telephone: (209) 477-3833
Facsimile: (209) 473-4818
NICHOLAS F. SCARDIGLI
CA State Bar No. 249947

Attorneys for Plaintiff PERRY MATTINGLY

Electronically Filed
Superior Court of California
County of San Joaquin
2020-11-30 10:10:58
Clerk: Stephanie Ceja

Case Management Conference
05/11/2021 08:45 AM in 10D

STK-CV-UOE-2020-0009990

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN JOAQUIN

| | |
|---|---|
| PERRY MATTINGLY,<br><br>Plaintiff,<br><br>vs.<br><br>PACTIV PACKAGING INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR<br><br>1. DISCRIMINATION<br>2. RETALIATION<br>3. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION<br><br>JURY TRIAL DEMANDED |

Plaintiff Perry Mattingly ("Mattingly") brings this action against Pactiv Packaging Inc. ("Pactiv") and Does 1-10, inclusive as referred to herein, for compensatory damages, punitive damages, injunctive relief, interest, costs, and attorneys' fees resulting from the defendants' unlawful and tortious conduct. As grounds Mattingly therefore alleges:

## PARTIES

1. Mattingly is and/or was at all times relevant herein an individual; a resident of San Joaquin California; employed in San Joaquin County, California; and an "employee" as defined by Gov. Code § 12926(c).

2. Pactiv is and was at all times relevant herein a corporation and an "employer" as defined by Gov. Code §§ 12926(d) and 12940(j)(4)(A).

3. Pactiv and Does 1-10 are referred to collectively herein as "Defendants."

/ / /

4. Mattingly is not aware of the true names and capacities of the defendants sued herein as Does 1-100, whether individual, corporate, associate, or otherwise, and, therefore, sues such defendants by these fictitious names. Mattingly will amend this complaint to allege their true names and capacities when ascertained. Mattingly is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that the injuries and damages herein alleged were legally caused by such defendants. Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

## VENUE AND JURY TRIAL DEMAND

5. Venue is proper in this Court because unlawful acts alleged herein took place in San Joaquin County and Mattingly's place of employment with Pactiv was located within San Joaquin County.

6. Mattingly hereby demands a jury trial.

## GENERAL ALLEGATIONS

7. Mattingly was employed as a supervisor in Stockton, California, by Pactiv until his unlawful termination on March 5, 2020.

8. In 2016, Mattingly's neurologist placed him on an eight-hour workday schedule to accommodate his neuromuscular disease, a permanent physical disability that limits major life functions.

9. Shortly thereafter, in 2016, Pactiv was informed of this reasonable accommodation and that it was ongoing and permanent, then granted it.

10. However, in 2018 Pactiv hired new management, including in its human resources ("HR") department.

11. Unhappy with the reasonable accommodation, the new management began unlawfully targeting Mattingly by negatively and unjustifiably scrutinizing his performance in a manner unlike that of employees who did not require a reasonable accommodation for a disability.

///
///

12. For instance, in an effort to deny Mattingly of this reasonable accommodation, Pactiv HR manager Kevin Gines ("Gines"), in July 2018, claimed that Pactiv did not have Mattingly's medical documentation regarding the accommodation.

13. When Mattingly produced another copy, Gines unlawfully questioned him about his disability, asking him what specific medical problems he had and challenging his need for reasonable accommodation.

14. In a further effort to deny Mattingly of his reasonable accommodation, Pactiv HR manager Grace Munera ("Munera"), in January 2019, again claimed that Pactiv did not have any records on file concerning the accommodation.

15. Shortly thereafter, Munera told Mattingly that Pactiv would probably not "approve" the accommodation, which had been in place for years.

16. Ultimately, in retaliation for Mattingly's requests for and use of a reasonable accommodation, and based on his actual and perceived disability, Pactiv terminated Mattingly in February 2020, with an effective termination date of March 5, 2020, after subjecting him to months' worth of fraudulent write-ups and performance improvement plans, again, based on his requests for and use of a reasonable accommodation and his actual and perceived disability.

17. Aware of this unlawful conduct through its upper-level management, Pactiv failed to take all reasonable steps to prevent the discrimination and retaliation.

18. On November 5, 2020, Mattingly filed a complaint with the Department of Fair Employment & Housing ("DFEH") against Pactiv based on the unlawful conduct described herein. That same day, the DFEH issued Mattingly a right-to-sue notice, which Mattingly served on Pactiv by certified mail.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12940(a)**
**(Discrimination)**
**Against Defendants**

19. Mattingly hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

20. FEHA prohibits an employer from discriminating against an employee because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person. Gov. Code § 12940(a).

21. Nevertheless, as set forth above, Defendants discriminated against Mattingly based on actual and perceived disability.

22. As a result, Mattingly has suffered damages.

23. Defendants' actions towards Mattingly were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Mattingly, thereby justifying an award of punitive damages.

24. Wherefore, Mattingly seeks damages as set forth below.

**SECOND CAUSE OF ACTION**
**VIOLATION OF GOV. CODE §§ 12940(k), (m)(2)**
**(Retaliation)**
**Against Defendants**

25. Mattingly hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

26. It is unlawful for an employer to retaliate against an employee for requesting accommodation or for exercising rights or opposing practices forbidden under FEHA. Gov. Code §§ 12940(h), (m)(2).

///

27. Nevertheless, as set forth above, Defendants unlawfully retaliated against Mattingly.

28. As a result, Mattingly has suffered damages.

29. Defendants' actions towards Mattingly were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Mattingly, thereby justifying an award of punitive damages.

30. Wherefore, Mattingly seeks damages as set forth below.

### THIRD CAUSE OF ACTION
### VIOLATION OF GOV. CODE § 12940(k)
### (Failure to Prevent Discrimination and Retaliation)
### Against Defendants

31. Mattingly hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

32. FEHA requires an employer to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. Gov. Code § 12940(k).

33. Nevertheless, as set forth above, Defendants failed to prevent discrimination and retaliation against Mattingly.

34. As a result, Mattingly has suffered damages.

35. Defendants' actions towards Mattingly were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Mattingly, thereby justifying an award of punitive damages.

36. Wherefore, Mattingly seeks damages as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, the following relief is sought:

1. For compensatory, special, and general damages;

2. For injunctive and declaratory relief pursuant to Gov. Code § 12965, including, but not limited to, a cease-and-desist order requiring Defendants to halt their discriminatory and retaliatory practices; an order requiring Defendants to conduct training for all its employees, supervisors, and management on the requirements of

FEHA; and an order requiring Defendants to develop and promulgate an effective policy for preventing discrimination and retaliation;

3. For punitive and/or exemplary damages;

4. For statutory attorneys' fees and costs, including, but not limited to, those available under Gov. Code § 12965(b);

5. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civ. Code § 3287, according to proof; and

6. For such other and further relief as the court deems proper.

DATED: November 25, 2020

MAYALL HURLEY P.C.

By _____
NICHOLAS F. SCARDIGLI
Attorneys for Plaintiff
PERRY MATTINGLY